FILED

2008 Apr-29  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MICHAEL A. COOK,

       Plaintiff,

v.                               CV-07-J-1370-S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## <u>MEMORANDUM OPINION</u>

Pending before the court is the plaintiff's appeal of the final decision of the Commissioner of Social Security denying the plaintiff disability benefits.  On September 4, 2001, the plaintiff, Michael Cook, filed applications for disability insurance benefits and supplemental security income alleging disability as of April 1, 2000 (R. 74-76).  The plaintiff alleges that he is disabled due to mental health problems (R. 74, 84).  The plaintiff's applications were initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on July 1, 2003 (R. 43-44, 893-923).  The ALJ denied the plaintiff's claim finding that when the plaintiff's alcoholism and drug dependence were not

considered, the plaintiff was not under a disability (R. 34).  The Appeals Council

denied the plaintiff's request for review on June 1, 2007 (R. 5).  On July 24, 2007,

the plaintiff filed this appeal in the district court seeking review of the defendant's

decision denying him benefits (doc. 1).

        The court has considered the record and briefs of the parties.  For the

reasons set forth herein, the decision of the Commissioner is due to be

**AFFIRMED**.

### Factual Background

        The plaintiff was born in 1961 and was forty-two years old at the time of the

hearing before the ALJ (R. 897).  The plaintiff has a high school education and

served in the United States Army for fifteen years (R. 897).  While the plaintiff

was on active duty in the Army, he served in the Gulf War from 1990 to 1991 (R.

899-900).  Since 1993, the plaintiff has primarily lived with his parents (R. 423).

However, at the time of the hearing the plaintiff was living in a homeless shelter

because his parents had obtained a restraining order against him (R. 897).

        The plaintiff last worked in 1998 at a CVS warehouse (R. 126).  The

plaintiff was let go by CVS after four years because of anger outbursts and

depression (R. 902-03).  The plaintiff's work at CVS is the only substantial gainful

activity completed by the plaintiff since 1988 (R. 918).

The plaintiff has received treatment from the Veteran's Administration ("VA") for various medical issues since 1986 (R. 460).  Extensive VA records from 2000-2003 show a twenty year history of alcohol and drug abuse and addiction  (R. 130, 139, 142, 155, 167, 205-06, 225, 277, 461-62, 480, 485, 589, 611, 614, 788, 817, 820).

In his opinion, the ALJ found that the medical evidence established that the plaintiff suffered from the "severe" impairments of polysubstance abuse and substance induced mood disorder (R. 34).  According to the ALJ, when all of the plaintiff's impairments are considered, he has a combination of impairments which meets the severity of Listing 12.09, 20 C.F.R. Appendix 1, Subpart P, Regulations No. 4 (R. 34).  However, the ALJ also found that the medical evidence established that when drug and alcohol abuse was not considered, the plaintiff did not have an impairment or combination of impairments which met or equaled the severity of an impairment listed in 20 C.F.R. Appendix 1, Subpart P, Regulations No.4 (R. 34).  Therefore, the ALJ found that the plaintiff was not under a disability as defined by the Social Security Act (R. 35).

**Standard of Review**

This court's review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's

findings and whether the correct legal standards were applied. 42 U.S.C. §

405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Wolfe v. Chater*, 86 F.3d

1072, 1076 (11th Cir. 1996); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.

1990). "Substantial evidence" is generally defined as "such relevant evidence as a

reasonable mind would accept as adequate to support a conclusion." *Richardson*,

402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938));

*Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Bloodsworth v. Heckler*,

703 F.2d 1233, 1239 (11th Cir. 1983).

 In determining whether substantial evidence exists, this court must

scrutinize the record in its entirety, taking into account evidence both favorable

and unfavorable to the Commissioner's decision. *Lamb v. Bowen*, 847 F.2d 698,

701 (11th Cir.1988); *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). Even

if the court finds that the evidence weighs against the Commissioner's decision,

the Court must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Harwell v.*

*Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984); *Martin v. Sullivan*, 894 F.2d 1520,

1529 (11th Cir. 1990).

 This court may not decide facts anew, reweigh evidence or substitute its

judgment for that of the ALJ, even if the court finds that the weight of the

evidence is against the Commissioner's decision.  *Martin*, 894 F.2d at 1529.  This court must affirm the decision of the ALJ if it is supported by substantial evidence. *Miles*, 84 F.3d at 1400; *Bloodsworth*, 703 F.2d at 1239.   However, no such presumption of correctness applies to the Commissioner's conclusions of law, including the determination of the proper standard to be applied in reviewing claims.  *Brown v. Sullivan*, 921 F. 2d 1233, 1235 (11th Cir. 1991); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   Furthermore, the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

## Discussion

Section 105 of the Contract with America Advancement Act of 1996 provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); *see also* 20 C.F.R. § 404.1535(a).  The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether the plaintiff would still be disabled if he stopped using drugs or alcohol.

5

20 C.F.R. § 404.1535(b)(1).  In making this determination, the regulations direct the ALJ to consider whether any of the plaintiff's mental and physical limitations would remain if the plaintiff stopped using drugs or alcohol.  20 C.F.R. § 404.1535(b)(2).  If some or all of the plaintiff's limitations would remain, then the ALJ must consider whether the remaining limitations would be disabling.  *Id*.  If the plaintiff's remaining limitations would not be disabling, then the plaintiff's drug addiction or alcoholism is a contributing factor material to the determination of disability.  20 C.F.R. § 404.1535(b)(2)(i).  On the other hand, if the ALJ finds that the remaining limitations are disabling, the plaintiff is disabled independent of his drug addiction or alcoholism.  20 C.F.R. § 404.1535(b)(2)(ii).

Applying the above framework, the ALJ found substantial medical evidence indicating the plaintiff has abused drugs and alcohol for nearly twenty years.  In considering whether the plaintiff's mental health impairments would remain if the plaintiff stopped using drugs, the ALJ concluded that the plaintiff's impairments were related to the plaintiff's alcoholism and drug abuse.  Therefore, the ALJ held that the plaintiff's alcoholism and drug abuse were contributing factors material to the determination of disability.

The ALJ's findings are supported by substantial evidence and due to be affirmed.  The plaintiff cannot dispute the overwhelming evidence in the record

indicating serious problems with drug and alcohol abuse.  In addition, it is apparent that the plaintiff's mental health problems are directly related to the plaintiff's drug and alcohol abuse.  As the ALJ states in his opinion, the plaintiff had no history of mental health problems or difficulty working prior to his addiction to alcohol and cocaine.  In addition, there is no evidence in the voluminous record suggesting that the plaintiff's mental health problems are independent of his drug and alcohol abuse.

The plaintiff argues that the ALJ's decision is due to be reversed because the ALJ should have found the plaintiff disabled under listing § 12.04.  When a claimant contends that he has an impairment meeting the listed impairments, the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment.  *Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (citing *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986)).

Listing 12.04 states that affective disorders are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome."  20 C.F.R. § 404, Sunpt. P, App.1, 12.04.  In order to meet listing 12.04, the plaintiff must make two showings.  First, the plaintiff must show that his medically documented impairment(s) results in at least four of the following:

1) anhedonia or pervasive loss of interest in almost all activities; or 2) appetite disturbance with change in weight; or sleep disturbance; or 3) psychomotor agitation or retardation; or 4) decreased energy; or 5) feelings of guilt or worthlessness; or 6) difficulty concentrating or thinking; 7) thoughts of suicide; or 8) hallucinations, delusions, or paranoid thinking.  Second, the plaintiff must show that his symptoms result in at least two of the following: 1) marked restriction of activities of daily living; or 2) marked difficulties in maintaining social functioning; or 3) marked difficulties in maintaining concentration, persistence or pace; or 4) repeated episodes of decompensation, each of extended duration.

The plaintiff argues that the decision of the ALJ should be reversed because the plaintiff can meet listing § 12.04.  The plaintiff asserts that he can make the first showing because his impairments have resulted in appetite disturbance with change in weight, psychomotor agitation or retardation, decreased energy, and thoughts of suicide.  The plaintiff argues that he can make the second showing if Dr. Gerald Anderson's opinion is given significant weight.

In the ALJ's opinion he gives no weight to the opinion of Dr. Anderson. Dr. Anderson found that the plaintiff is markedly to extremely impaired in his ability to perform the mental requirements of work.   The ALJ gave Dr. Anderson's opinion no weight because it contradicted the medical evidence of

record.  The ALJ's decision to reject Dr. Anderson's opinion is supported by substantial evidence.  Specifically, none of the plaintiff's many treating sources have indicated that the plaintiff cannot perform work activities if he abstains from alcohol and drugs.   If Dr. Anderson's opinion is not considered, the plaintiff cannot demonstrate that he meets listing § 12.04.  Therefore, the ALJ's finding that the plaintiff's impairments do meet listing § 12.04 is supported by substantial evidence.

### Conclusion

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the ALJ and considered by him and the Appeals Council, the court is satisfied that the decision of the ALJ is based upon substantial evidence and that the ALJ applied the correct legal standards.  Without  substituting its judgment for that of the Commissioner, this court can find no basis upon which to reverse the decision of the ALJ.  *See Bloodsworth*, 703 F.2d at 1239. Accordingly, the decision of the Commissioner of the Social Security Administration is due to be **AFFIRMED.**

**DONE** and **ORDERED**, this the 29th day of April 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

9